[Civ. No. 12714. Second Appellate District, Division Two.—
January 22, 1941.]

E. E. McCALLA, Appellant, v. JOHN G. GROSSE et al.,
Defendants; ROBERT L. STOVER et al., Respondents.

W. M. Greathouse for Appellant.

C. E. Crowley for Respondents.

WOOD, J.—Plaintiff commenced this action to recover damages for injuries which he suffered when on November 25, 1938, he was struck by an automobile driven by defendant Grosse and alleged to be owned by defendants Stover. Judgment was rendered in favor of plaintiff against defendant Grosse in the sum of $9,000 but the demurrer of defendants Stover to the third amended complaint was sustained without leave to amend and the action was dismissed as to them. The appeal is prosecuted from the judgment of dismissal.

From the allegations of the complaint it appears that prior to the accident in question defendants Stover were doing business as automobile dealers and that on November 18, 1938, they received the automobile driven by defendant Grosse as part payment on the purchase price of an automobile which they sold to one Bertrand Close; that after the sale to Close "defendants Stover were the owners of and used said automobile as a family car". A new certificate of ownership was issued by the Motor Vehicle Department showing Mae G. Stover to be the new owner of the car and a certificate of registration was issued showing the registered owner to be John G. Grosse. It is further alleged "that no chattel mortgage, conditional sale contract, or other evidence showing Mae G. Stover to be owner for security purposes was ever recorded with said Motor Vehicle Department; that the record ownership of said automobile has continued in the same parties without change since said November 18, 1938 . . . that the said defendants Stover did thereupon permit said defendant Grosse the use of said automobile and caused the same to be registered in his name for the sole purpose of avoiding liability for injuries which might result from the operation of said automobile by the said defendant John G. Grosse, and that despite said registration in the name of John G. Grosse the said defendants Stover were at the time said accident occurred the true owners of said automobile."

In paragraph 2 of the amended complaint plaintiff makes the following allegations: "That plaintiff is informed and believes, and therefore alleges, that at all times mentioned herein said defendant John G. Grosse was and now is an aged and enfeebled man more than eighty (80) years of age, with eyesight so defective he could not see a distance of more

than 25 feet; that by reason of such defective eyesight, together with the infirmities of his age, said defendant was at all such times an incompetent and unfit person to operate a motor vehicle on the public highways of the State of California. That plaintiff is further informed and believes, and therefore alleges, that during the year 1937 said defendant Grosse, by reason of his aged and enfeebled condition became incapable of taking care of business matters, and at such time said defendants Stover did undertake to care for and provide a home for said defendant so long as he lived; that from such time the said defendant Grosse has made his home with the said defendants Stover, and had been entirely dependent upon said defendants Stover for his care and support; that since such time said defendant Grosse has had no source of income or funds other than said defendants Stover; that said defendant Grosse is by blood relation an uncle to said defendant Mrs. Robert L. Stover. That plaintiff is informed and believes, and therefore alleges, that by reason of the dependency of the said defendant Grosse on said defendants Stover for a home and for funds for every purpose the said defendants Stover did at all times mentioned herein have complete control over the operation of an automobile on public highways by the said defendant Grosse; that said defendants Stover at all such times have had full knowledge of the matters and facts in this paragraph alleged.''

It is further alleged that defendants Stover, notwithstanding their knowledge that defendant Grosse was incompetent and unfit to operate a motor vehicle on the public highways and notwithstanding their knowledge that the lives of persons using the highways would be endangered by the operation of the automobile in question by defendant Grosse did nevertheless permit defendant Grosse to operate the automobile upon the public highways and did furnish him with funds to purchase gasoline and oil for the automobile; that defendant Grosse did carelessly operate the automobile with the result that plaintiff suffered the injuries for which compensation is sought.

We are satisfied that if plaintiff could prove the allegations set forth in his complaint he would be entitled to judgment against defendants Stover under the provisions of section 402 of the California Vehicle Code as in force at the time of the accident. This section provides in part:

"Every owner of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages . . . If a motor vehicle is sold under a contract of conditional sale whereby the title to such motor vehicle remains in the vendor, such vendor or his assignee shall not be deemed an owner within the provisions of this section, but the vendee, or his assignee shall be deemed the owner notwithstanding the terms of such contract, until the vendor or his assignee retake possession of such motor vehicle. A chattel mortgagee of a motor vehicle out of possession shall not be deemed an owner within the provisions of this section".

The complaint contains clear and positive allegations of ownership in defendants Stover. The provisions of section 402 of the Vehicle Code have long been a part of the law of this state and have given rise to several decisions by reviewing courts. In *Bunch* v. *Kin*, 2 Cal. App. (2d) 81 [37 Pac. (2d) 744], it was held that the owner who became liable for the negligent acts of the person permitted to use an automobile on the streets was the "registered owner". The statute in force at the time of the decision in that case was substantially the same as section 402 of the Vehicle Code and it was held that the provision that the vendor under a conditional sale contract prior to repossession of the car was not to be deemed the owner under the section showed the legislative intent to make the registered owner the party liable. This was a logical conclusion since the vendor in such a contract does not have possession while the vendee, the registered owner, is the party who uses the automobile and should be liable for its operation. ▉ It was not held, however, that the true and actual owner of an automobile can be relieved from liability by the expedient of registration in the name of another. Such a situation is governed by the general provision fixing the liability of owners. It is clear that it was the legislative intent to make the actual owners of automobiles liable for the negligence of those to whom permission is given to drive them. According to the allegations of the complaint defendants Stover were in fact the true owners of the car and had control of it, the registration being in the

name of defendant Grosse for the purpose of avoiding liability.

The complaint may be upheld without the aid of section 402 of the Vehicle Code. Allegations of ultimate facts are made that defendants Stover knowingly permitted the automobile to be registered in the name of and to be driven by a man who was unfit to drive it upon the public highways; that they knew that defendant Grosse in driving the car would endanger the lives of persons using the highways; and that they furnished funds to him for the purpose of purchasing gas and oil. ■ These allegations bring the case within the rule that one who knowingly permits an unfit driver to use his automobile is liable for damages caused by the negligent acts of the unfit driver in the operation of the car. In *Rocca* v. *Steinmetz,* 61 Cal. App. 102 [214 Pac. 257], a demurrer was sustained to the complaint and from the judgment of dismissal the plaintiff appealed. It was alleged in the complaint that Steinmetz, Jr., was a careless and reckless person and a careless and reckless driver and that his father, the defendant, having such knowledge, negligently permitted him to drive the car. In reversing the judgment the reviewing court said that it would shock the common understanding to hold that a man would not be chargeable with negligence if he should entrust his car to a person whom he knew to be insane or intoxicated or utterly incompetent to run a car and further said that there was "no difference in principle but only in degree where he knows the driver to be careless and reckless in the operation of the machine". In *Owens* v. *Carmichael's U-Drive Autos, Inc.,* 116 Cal. App. 348 [2 Pac. (2d) 580], the defendant, which was in the business of renting cars, rented a car to one Watts who negligently drove it and struck the plaintiff. The plaintiff sought to impose liability on the defendant as owner by alleging that the defendant "negligently let and hired" the automobile to Watson; that the defendant "negligently permitted Watson to drive and operate said automobile upon the highway"; that "defendant knew . . . that said Max Watson was not competent to operate" said automobile; and "that said Max Watson was not licensed to drive or operate any automobile upon such highway". In holding that the trial court erred in directing a verdict for the defendant the reviewing court held that the allegations of the complaint were sufficient on the theory that "liability may be imposed upon an owner

who negligently entrusts his automobile to another''. The court pointed out that ''such negligence is most frequently predicated upon the fact that an owner knowingly entrusts his car to an incompetent person . . . ''.

The judgment is reversed and the superior court is directed to overrule the demurrer.

Moore, P. J., and McComb, J., concurred.