[Civ. No. 16804.   First Dist., Div. Two.   June 25, 1956.]

SELIM KAUKONEN, Appellant, v. ANDREW ARO, Respondent.

Bledsoe, Smith, Cathcart & Phelps, Leighton M. Bledsoe and J. Barton Phelps for Appellant.

Ropers & Majeski, Harold Ropers, Campbell, Custer, Warburton & Britton, Austen D. Warburton and W. R. Dunn for Respondent.

THE COURT.—This is an appeal from a judgment of nonsuit entered on the opening statement of counsel for plaintiff as amended and added to by statements of said counsel in chambers. ■ "The action of the court on a motion for nonsuit based upon the opening statement is akin to that on a request that a demurrer to a complaint be sustained without leave to amend." (*Rodin* v. *American*

*Can Co.,* 133 Cal.App.2d 524, 534 [284 P.2d 530].) ■ The granting of such a nonsuit is not favored (*Bonetti* v. *Double Play Tavern,* 126 Cal.App.2d Supp. 848, 853 [274 P.2d 751]) and should be avoided unless the opening statement clearly shows that no cause of action in plaintiff exists. (*Emmerson* v. *Weeks,* 58 Cal. 382, 385; *Noble* v. *Cavalier Restaurant,* 106 Cal.App.2d 518, 525 [235 P.2d 396]; *Mendez* v. *Pacific Gas & Elec. Co.,* 115 Cal.App.2d 192, 196 [251 P.2d 773].) Characteristic examples of circumstances justifying such nonsuits are found in *Wrightson* v. *Dougherty,* 5 Cal.2d 257, 262 [54 P.2d 13] (action barred on its face by the statute, no statement of any fact taking it out of the bar); *Larsson* v. *Cedars of Lebanon Hospital,* 97 Cal.App.2d 704, 707 [218 P.2d 604] (express repudiation by plaintiff of her incompetency alleged to toll the statute); *Mendez* v. *Pacific Gas & Elec Co., supra* (refusal to state evidence that dangerous wires which caused injury were responsibility of defendant as against judicial notice that they were operated by the United States Government). ■ We have concluded that in the case before us no such clear responsibility to make out a cause of action appears.

The basic facts which according to the opening statement would be shown by the evidence were in substance as follows: Defendant, who owned a ranch in a remote mountainous area near Mt. Hamilton, engaged plaintiff, a carpenter, to assist him in laying out of a bathhouse thereon. In the early morning of January 18, 1952, defendant took plaintiff there in defendant's open jeep. A neighboring rancher, a Mr. Arnold, went along. There had been one of the heaviest snowfalls on the mountain on record. Of two roads available, one a narrow mountain road over Mt. Hamilton, another a lower one over Livermore, defendant took the latter, which he and plaintiff had agreed was the safest way. Arnold told defendant that they should not be in the mountains by night. When they were still at the ranch when dusk was falling Arnold told them to get out of there, but defendant still dallied at his ranch and left only when it was getting dark and he then took the road over Mt. Hamilton which was somewhat shorter. They had climbed eight miles of that icy road when in the dark on the side of the mountain they came to a landslide where the bank had caved in and had covered part of the road. Both plaintiff and Arnold told defendant at that point to turn around and go back the safe way (turning would have been possible), but defendant

refused and said "we can get through here." Under defendant's direction plaintiff and Arnold started to remove rocks from the slide. When they had cleared some space between the bank and a boulder at the outside of the road defendant tried to get the jeep through, notwithstanding plaintiff's warning that the jeep would not get through. It got stuck between the bank and the boulder. Defendant said they would build up so as to permit the jeep to get out. When they were doing that they heard "the ominous sound of another landslide." Rocks of it struck the jeep and threw it into plaintiff, injuring him.

Of the discussion of the motion for a nonsuit the last part only (after a continuance because of illness of one of defendant's attorneys) has been reported. At that time plaintiff's counsel further stated in substance that, although he had no expert evidence to that effect, the jury would be entitled to infer from the evidence that the rocking back and forth of the jeep against the side of the mountain was one of the causes of the (new) slide, but that plaintiff's claim of negligence was not solely predicated on that point, but its cornerstone was defendant's conduct in subjecting plaintiff to the danger of that road especially when one landslide had occurred. It was his position that staying on the ranch late was not in itself a proximate cause of the injury, but that taking the route (over the mountain) at the time and under the circumstances then existing was. The late departure was insofar relevant that driving the mountain road was more dangerous at night. The court granted the the nonsuit after proposing that the further statements of counsel should be considered an offer of proof to which counsel assented.

It cannot be said that on the above facts if proved clearly no valid negligence claim in favor of plaintiff can be predicated. ▮ "A negligent act may be one which:

"(a) starts a force, the continuous operation of which involves an unreasonable risk to another, or

"(b) creates a situation which involves an unreasonable risk to another because of the expectable action of a third person, an animal or a force of nature." (Rest. Torts, § 302.)

The causing of the second slide by the rocking of the jeep would, if considered to have involved an unreasonable risk, come under clause (a), *supra*. It is, however, doubtful whether plaintiff's counsel after conceding that he had no expert evidence as to the factual causal relation between the rocking of the jeep and the slide should not have given some

further statement concerning the evidence available with respect to surrounding circumstances, like the place from which the slide came, before it could be said that there was any probability of the slide having been caused by the rocking of the jeep, although it cannot be said that counsel's statement clearly negatived the existence of such evidence. But even if it should be held that counsel's statement showed that the causation of the slide by the action of the jeep would be a matter of speculation and conjecture only and that the slide must be considered as an independent force of nature, then the facts stated could still be the basis of a negligence action under clause (b), *supra*. It could certainly be found under said facts that defendant negligently brought plaintiff in the situation in which he was injured. In *Stricklin* v. *Rosemeyer*, 61 Cal.App.2d 359, 362 [142 P.2d 953] we quoted the following rule from 38 American Jurisprudence 873: "One having a choice between methods of doing an act which are equally available, who chooses the more dangerous of the methods, is ordinarily deemed negligent, in the absence of a showing of the existence of an emergency, sudden peril, or other circumstance justifying such choice. The fact that the less dangerous method takes longer and is inconvenient and attended with difficulties furnishes no excuse for knowingly encountering the peril." The rule is subject to the proviso that under the circumstances ordinary care would lead to the correct choice; its application to the facts would clearly be for the jury. With respect to the question whether an unreasonable risk of a slide was to be expected the following comments of section 302, Restatement, Torts, are in point:

"c. *Probability of intervening action.* If the actor's conduct has created a situation, which is harmless if left to itself but is capable of being made dangerous to others by some subsequent action of a human being or animal or the subsequent operation of a natural force, the actor's negligence depends upon whether he as a reasonable man should recognize such action or operation as probable. The actor as a reasonable man is required to know the habits and propensities of human beings and animals and the normal operation of natural forces in the locality in which he has intentionally created such a situation or in which he knows or should realize that his conduct is likely to create such a situation (see § 290). In so far as such knowledge would lead the actor as a reasonable man to recognize a particular action

of a human being or animal or a particular operation of a natural force as customary or normal, the actor is required to anticipate and provide against it. The actor is negligent if he intentionally creates a situation, or if his conduct involves a risk of creating a situation, which he should realize as likely to be dangerous to others in the event of such customary or normal act or operation (see § 303)."

"d. *Meaning of 'normal.'* The actor as a reasonable man is required to anticipate and provide against the normal operation of natural forces. And here the word 'normal' is used to describe not only those forces which are constantly and habitually operating but also those forces which operate periodically or with a certain degree of frequency. . . ."

"f. *Abnormal conditions of nature.* The actor is not required to anticipate or provide against conditions of nature or the operation of natural forces which are of so unusual a character that the burden of providing for them would be out of all proportion to the chance of their existence or operation and the risk of harm to others involved in their possible existence or operation. It is therefore not necessary that a particular operation of the natural force be unprecedented. The likelihood of its recurrence may be so slight that in the aggregate the burden of constantly providing against it would be out of all proportion great as compared with the magnitude of the risk involved in the possibility of its recurrence. . . ."

"g. If the actor knows or should perceive circumstances which would lead a reasonable man to expect a particular operation of a natural force, he is required to provide against it, although, but for such circumstances, it would be so extraordinary that he would be entitled to ignore the possibility of its occurrence."

It could reasonably be found that slides happen with a certain degree of frequency in steep California mountains; that the burden of returning along the road which the parties considered safer was slight; that the weather conditions and the fact that the parties came across one slide were circumstances indicating to a reasonable man danger of slides or further slides; and possibly also that darkness increases the danger from slides, because it diminishes the chance of timely perception and escape. It could then reasonably be held that the danger of slides was one of the dangers which caused defendant's choice of the mountain road and *a fortiori* his refusal to turn back at the first slide to be negligent. Hence

the facts stated by plaintiff's counsel presented a factual question of negligence liability. It cannot be said that in retrospect it would be so highly extraordinary that a second slide came down on the steep mountainside where defendant allegedly forced plaintiff to remain for some time, that the court was entitled to hold as a matter of law that defendant could not be liable for the injury so caused, or, stated in another way, that the slide must necessarily be considered a superseding cause. (*Cf.* Rest. Torts, § 435, clause 2, 1948 Supp., com. c thereon, and cases holding that a rainstorm of unusual intensity is not a superseding cause, e.g., *Southern Pac. Co.* v. *City of Los Angeles,* 5 Cal.2d 545, 549 [55 P.2d 847].)

Defendant tries to defend the nonsuit by showing that the facts in the opening statement vary to some extent from those alleged in the complaint, and by drawing inferences adverse to plaintiff from the allegations and the statement. We need not state said argument in detail because it runs counter to the principle embodied in our Code of Civil Procedure, section 469 et seq., which minimizes the importance of variances and liberally permits amendment, to conform to proof and otherwise, and because the drawing of adverse inferences is for the jury after trial, not for the court on motion for nonsuit. The possible variances contained in the opening statement cannot have actually misled respondent and are not so radical as to replace the action alleged in the complaint by a completely different one. ▮ We are mindful of the authorities which hold that a party will not be allowed to amend so as to contradict an admission made in his original pleadings (*Tognazzi* v. *Wilhelm,* 6 Cal.2d 123, 127 [56 P.2d 1227]; *Treager* v. *Friedman,* 79 Cal.App.2d 151, 172 [179 P.2d 387]; *Rhode* v. *Bartholomew,* 94 Cal.App.2d 272, 278 [210 P.2d 768]), but to prevent undue limitation of the privilege of amending, "admissions" for this purpose must be taken in a restricted meaning, and will not include the evidentiary details involved in the variances in this case.

▮ Respondent's contention that the fact that plaintiff dismissed the second cause of action of his complaint prevented him from proving negligence of defendant in taking the mountain road or in not turning back at the first slide is without merit. The first cause of action was predicated on the negligent operation of the jeep on a certain part of Lick Road, (the place of the first slide), so as to place plaintiff in the path of the second slide; the second cause

of action was predicated on negligence in operating the ranch in that defendant continued work there until after sunset and failed to depart before nightfall, although the roads were in dangerous condition and he had been warned. Plaintiff's counsel explained the dismissal as based on the ground that the staying late at the ranch alone was not the proximate cause of the injury and that the driving of the mountain road, the action at the first slide and the failure to return could be proved under the first cause of action as negligent operation of the jeep. If the allegation that the negligent operation happened on a certain part of Lick Road would prevent him from proving the said more general negligence that allegation would be eliminated by amendment. Plaintiff's contention that under the allegation of negligence in the operation of the jeep a wide range of negligence in any way involving the operation of the jeep could be proved finds support in *Brooks* v. *E. J. Willig Truck Transp. Co.*, 40 Cal.2d 669, 680 [255 P.2d 802], where it was held that under such negligent operation failure to stop and render aid to a victim could be proved. At any rate plaintiff's counsel made it clear that he did not intend to abandon the basis of the action here under discussion and the first cause of action could certainly be amended so as to include said issues.

▮ Neither do we find any merit in the contention that respondent was under no duty to guard appellant from landslides and that their positions in that respect were equal. The opening statement makes it clear that respondent as owner and driver of the jeep had power over the only means of transportation which appellant lacked and the fact that he provided the transportation to the man who worked for him clearly shows a duty of care for the safety of said transportation, also as to the choice of the route.

. Evidently the facts stated by plaintiff's counsel did not as a matter of law show contributory negligence or assumption of risk of plaintiff, the less so as it is stated that plaintiff expressed the wish to turn back at the first slide and that defendant refused.

. Judgment reversed.

. A petition for a rehearing was denied July 25, 1956, and respondent's petition for a hearing by the Supreme Court was denied August 21, 1956.