[Civ. No. 19298.   First Dist., Div. Two.   Nov. 24, 1961.]

LEO L. JOHNSON et al., Plaintiffs and Appellants, v. ERNEST CASETTA et al., Defendants and Respondents.

Howe, Finch & Glass and Ogden & Ogden for Plaintiffs and Appellants.

Ropers, Majeski & Kane for Defendants and Respondents.

AGEE, J.—Plaintiffs appeal from an order granting a nonsuit to defendants Casetta and Gage on plaintiffs' opening statement. On this appeal we assume that plaintiffs could prove everything stated therein plus certain additions agreed to by stipulation.

The action is for damages for personal injuries to plaintiffs, who are husband and wife, and for damages for the wrongful death of their minor son. These damages resulted when a 1948 Chevrolet automobile driven by Medina swerved across the double center line of a four lane highway and collided

head-on with plaintiffs' automobile which was coming from the opposite direction. The collision occurred near Sunnyvale. Medina was driving at an unreasonable speed and gave no signal of any intention to cross over the center line.

Medina had obtained the Chevrolet from Casetta and Gage. Casetta owned a used car lot in San Jose and Gage was a salesman employed by him. Medina was about 25 years of age, a native of Mexico, and could not speak English. He and a friend, who acted as interpreter, went to the lot and talked to Casetta. They asked him if he had a 1948 Chevrolet. Casetta told them that one had come in that morning and that Gage had taken it to his home to test it. They went there, saw the car, and Medina made a $10 down payment. The next day Medina and his friend went back to the lot, Medina paid an additional $60, and the balance of the purchase price $125, was financed through a finance company. Casetta and Gage delivered the car to Medina on July 1, 1956. Some two weeks before the accident title was registered in Medina's name.

We come now to the crux of this appeal. Plaintiffs stated that they would prove the following facts: that Medina did not have, nor had he ever had, a license to operate a motor vehicle; that he was incompetent to operate a motor vehicle and had virtually no driving experience; that Casetta and Gage, when they supplied the automobile to Medina, *knew* or by the exercise of reasonable care should have known that Medina was an inexperienced and incompetent driver; that they should have known that Medina was not licensed to drive and that to furnish him an automobile under these circumstances created an unreasonable risk that his operation of the car would endanger persons using the public streets and highways of California; that this precise risk materialized on August 9, 1956, when Medina, operating the Chevrolet in an incompetent and negligent manner, collided with plaintiffs' automobile.

Plaintiffs rely upon the principle set forth in section 390 of American Law Institute's Restatement of Torts, which provides: ''§ 390. Chattel for Use by a Person Known to be Incompetent.

''One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or from facts known to him should know to be likely because of his youth, inexperience or otherwise, to use it in a manner involving unreasonable risk of bodily harm to himself and others whom the supplier should expect to share in, or be in

the vicinity of its use, is subject to liability for bodily harm caused thereby to them."

Paraphrasing this statement to make it more applicable to the facts of this case, the section would read: "One who supplies an automobile for the use of another whom the supplier (1) knows, or (2) from facts known to him should know, to be likely, because of his inexperience (or incompetency), to use it in a manner involving unreasonable risk of bodily harm to others whom the supplier should expect to be in the vicinity of its use is subject to liability for bodily harm caused thereby to them."

There is nothing in plaintiffs' offer of proof which would tend to prove that either Casetta or Gage knew of any facts from which they should have known of Medina's inexperience or incompetency as a driver or from which they should have been put upon inquiry as to his competency. We realize, of course, that on this appeal we must assume that plaintiffs could prove that Medina was in fact an inexperienced, incompetent and unlicensed driver. But this does not establish that either Casetta or Gage knew of any facts from which they should have known this. And in the absence of any such knowledge, they had no legal duty or obligation to inquire.

They knew that Medina appeared to be about 25 years of age, could not speak English, and wanted to buy a 1948 Chevrolet. They sold him one for $195. But there was nothing about these facts which disclosed to them, or put them upon inquiry as to, the incompetency of Medina as a driver.

The cases cited by plaintiffs themselves illustrate this point. In *Owens* v. *Carmichael's U-Drive Autos, Inc.*, 116 Cal.App. 348, 352 [2 P.2d 580], a directed verdict for defendant was held to be error because defendant knew that the driver had only a temporary permit and could not legally drive unless accompanied by a licensed driver. The opinion holds that this knowledge put the defendant upon inquiry as to the competency of the driver and it was for the jury to determine whether under such circumstances defendant was negligent in permitting the driver to take the car out on the highway unaccompanied by a licensed driver.

In *Rocca* v. *Steinmetz*, 61 Cal.App. 102, 103 [214 P. 257], it was held that a cause of action was stated where the complaint alleged that defendant had allowed his son to drive, *knowing* the son to be a careless and reckless driver.

In *McCalla* v. *Grosse*, 42 Cal.App.2d 546 [109 P.2d 358], a complaint was upheld which alleged that the driver was old

and enfeebled and had defective eyesight and that defendants *knew* that he was incompetent and unfit to drive but nevertheless allowed him to drive their car.

In *Knight* v. *Gosselin*, 124 Cal.App. 290, 294 [12 P.2d 454], a judgment was upheld against defendant garage owners who delivered an automobile which they had for sale to an obviously intoxicated prospective purchaser. The court quotes with approval the following language from *Rocca* v. *Steinmetz, supra*: " 'In its simplest form the question is whether the owner when he permits an incompetent or reckless person, whom he knows to be incompetent or reckless, to take and operate his car, acts as an ordinarily prudent person would be expected to act under the circumstances. If he were to intrust his car to a person whom he knew to be insane or intoxicated or utterly incompetent to run a car, it would certainly shock the common understanding to hold that he was not chargeable with negligence. There can be no difference in principle but only in degree where he knows the driver to be careless and reckless in the operation of the machine. In any such case consideration for the safety of others requires him to withhold his consent and thereby refrain from participating in any accident that is liable to happen from the careless and reckless driving of such a dangerous instrumentality.' "

In each of the foregoing cases, the defendant had actual knowledge of, or had knowledge of facts from which he should have known of, the driver's incompetency.

Defendants pose the question of how long should the liability of the seller last under the plaintiffs' theory. The answer is, as long as the original incompetence of the driver continues. An intoxicated driver may become sober and an inexperienced driver may acquire experience. Then such original incompetence could no longer be a proximate cause of an accident and, therefore, the liability of the seller on this theory would no longer exist.

Plaintiffs cite section 335 (now § 14606) of the Vehicle Code, which prohibits a person from *knowingly* permitting or authorizing the driving of a motor vehicle owned by him or under his control by an unlicensed person. The section does not add anything to plaintiffs' case. In order to apply, the permission to drive must be given to a driver *known* to be unlicensed. Plaintiffs do not claim that either Casetta or Gage knew that Medina had no license.

It should be noted, in passing, that the section does not

prohibit the *sale* of a motor vehicle to an unlicensed person. Many car buyers are not licensed to drive but have others, such as employees, drive. The purpose of the section is to deter driving by unlicensed persons.

Inasmuch as plaintiffs offered to prove that Casetta and Gage had actual knowledge of Medina's inexperience and incompetency as a driver, the motion for nonsuit should have been denied.

A plaintiff is entitled to all favorable inferences from the allegations of ultimate fact in an opening statement. (*Kaukonen* v. *Aro*, 142 Cal.App.2d 502 [298 P.2d 611]; *Rodin* v. *American Can Co.*, 133 Cal.App.2d 524 [284 P.2d 530].) And an allegation of knowledge of incompetency is an allegation of ultimate fact. (*McCalla* v. *Grosse*, 42 Cal. App.2d 546, 550 [109 P.2d 358]; *Owens* v. *Carmichael's U-Drive Autos, Inc.*, 116 Cal.App. 348, 350 [2 P.2d 580].) These last two cited cases involved the sufficiency of a complaint rather than the sufficiency of an opening statement, but the test is identical for both. (*Kaukonen* v. *Aro, supra*; *Rodin* v. *American Can Co., supra*.)

The order granting a nonsuit is reversed and the cause remanded for trial.

Kaufman, P. J., and Shoemaker, J., concurred.