490 So.2d 1338 (1986)
Bob MULLINS, d/b/a Bob's Used Auto Parts, et al., Appellant,
v.
Wilna HARRELL, for Use and Benefit of AUTO OWNERS INSURANCE COMPANY, Appellee.
No. 85-1433.
District Court of Appeal of Florida, Fifth District.
July 3, 1986.
*1339 Stephen A. Hilger of Gray, Harris & Robinson, P.A., Orlando, for appellant.
Thomas E. Dukes, III of Sanders, McEwan, Mims & Martinez, Orlando, for appellee.
SHARP, Judge.
Mullins appeals from a final judgment entered against him for $6,352.50 after a non-jury trial. Auto Owners Insurance Company is the appellee, having paid Wilna Harrell on an insurance claim, thereby becoming subrogated to any claims she had against Mullins. We reverse because we can find no basis in the record to sustain the judgment.
The controversy arose when the Harrells left their 1981 pickup truck with Mullins to have its diesel engine replaced with a gasoline engine. Although the work was completed satisfactorily by Saturday, the Harrells refused delivery of the vehicle because the replaced diesel engine was not also returned to them. The following day, Mutchler, an individual who rented an apartment adjacent to Mullins' business premises, and with whom Mullins and the Harrells had left the truck and its keys, drove the truck on a personal errand. In the course of driving the truck, Mutchler ran out of gasoline. He misguidedly poured gasoline into the carburetor in an effort to start the truck. The truck caught fire and was totally destroyed.
Auto Owners seeks to sustain the judgment on the basis of respondeat superior and negligent entrustment. Although there are disputed facts from which the trial judge could have concluded that Mutchler was a part-time employee of Mullins, his trip in the truck on a personal errand was clearly beyond the scope of any employment, if such can be found to have existed. Vicarious liability of Mullins as an employer is therefore not available as a basis for liability to the Harrells.[1]
*1340 Although we do not agree with appellant that the theory of negligent entrustment is limited in all cases to situations where third parties have received personal or bodily injuries,[2] we find no basis for liability in this case. Reviewing the record in a light most favorable to the Harrells,[3] at best it could be said that the Harrells refused delivery of the truck, and Mullins' original entrustment of the truck to Mutchler continued over the weekend. However, there is nothing in the record to show that Mullins had any basis or suspicion to foresee that Mutchler was unreliable, dishonest or incompetent in any way. Mutchler was a poor student who (perhaps) worked part-time for Mullins, and who rented an apartment on the business premises for himself and his young family. Mullins had never had any problem with Mutchler.
The negligent entrustment theory requires a showing that the entrustor knew or should have known some reason why entrusting the item to another was foolish or negligent.
390. Chattel for use by Person Known to be Incompetent

One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.
§ 390, Restatement of Torts, Second. Some negligence in the initial entrusting process is necessary to make the subsequent damage foreseeable. See Brooms v. James Lee Motor Co., 318 F. Supp. 867 (N.D.Fla. 1970); Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54 (Fla. 1977); Prosser and Keeton, The Law of Torts, (1984) at 198.
Accordingly, the judgment in this case is
REVERSED.
ORFINGER and COWART, JJ., concur.
NOTES
[1] Johnson v. Gulf Life Ins. Co., 429 So.2d 744 (Fla. 3rd DCA 1983); Pedro Realty, Inc. v. Silva, 399 So.2d 367 (Fla. 3rd DCA 1981). Appellee also claims Mullins should be liable under a bailment theory. Note, however, that a bailee-employer is liable for damage to a bailed article where the employee acts within the scope of his employment. Fruehauf Corp. v. Aetna Ins. Co., 336 So.2d 457, 460 (Fla. 1st DCA 1976) (dictum). Thus, respondeat superior applies and recovery is barred whether or not a bailment existed.
[2] See Prosser and Keeton, The Law of Torts (1984) at 203.
[3] Underwriters National Assurance Co. v. Harrison, 338 So.2d 58 (Fla. 3rd DCA 1976); CUNA Mutual Insurance Society v. Adamides, 334 So.2d 75 (Fla. 3rd DCA 1976).