36 F.3d 1102
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Syed Wahidul ISLAM; Mahabub Alam Bhuiyan, Plaintiffs-Appellees,
v.
CREATIVE TOURS MICRONESIA, INC., Defendant-Appellant.
 No. 92-16684.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1993.
Decided Sept. 2, 1994.
 
 Before: POOLE, WIGGINS and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Creative Tours Micronesia, Inc. ("Creative Tours") appeals from the district court's judgment in favor of Syed Wahidul Islam and Mahabub Alam Bhuiyan on their claim for negligent entrustment. Islam and Bhuiyan were passengers in a Creative Tours automobile driven by an off-duty Creative Tours employee, Mohammed Nazrul Islim ("Ronnie"), and were seriously injured when the employee lost control of the car. We reverse.
 
 
 3
 * We review the district court's findings of negligence under two separate standards. "[I]ssues of breach and proximate cause are questions of fact, reviewable for clear error." Vollendorff v. United States, 951 F.2d 215, 217 (9th Cir.1991). However, "[t]he existence and extent of the standard of conduct are questions of law, reviewable de novo." Id.
 
 
 4
 In this diversity case, Commonwealth of the Northern Mariana Islands (CNMI) law governs. In the absence of CNMI case law or statutes, the common law as expressed in the Restatements, or to the extent not expressed, as understood in the United States, applies. 7 CMC Sec. 3401. The CNMI Supreme Court recently issued its first and only published negligent entrustment decision, Yoo v. Quitugua, No. 93-011 (May 12, 1994). This case is therefore governed by Yoo and the Restatements.
 
 
 5
 The parties agree that Ronnie Islam was an inexperienced, unlicensed driver with a prior accident history. They also agree that Creative Tours had no actual knowledge of this fact. Where they disagree is over whether Creative Tours ought to have known.
 
 
 6
 The District Court concluded that, prior to entrusting an employee with an automobile, Creative Tours had a duty to investigate his driving background. Creative Tours' primary contention on appeal is that under the Restatements, they owed no such duty. Sections 308 and 390 of the Restatement (Second) of Torts cover the principles of negligent entrustment:
 
 
 7
 It is negligence to permit a third party to use a thing ... which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing ... in such a manner as to create an unreasonable risk of harm to others
 
 
 8
 Restatement (Second) of Torts Sec. 308 (1965) (emphasis added).
 
 
 9
 One who supplies ... a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others ... is subject to liability for physical harm resulting to them.
 
 
 10
 Restatement (Second) of Torts Sec. 390 (1965) (emphasis added).
 
 
 11
 Yoo v. Quitugua confirms what other state courts have unanimously concluded: Sec. 308 and Sec. 390 do not create an affirmative duty of inquiry. "In order to find [defendants] liable under section 390, Restatement of Torts, the trial court had to find that they knew or had reason to know of [the entrustee's] incompetence to drive ..." Yoo at 7; accord Mullins v. Harrell, 490 So.2d 1338, 1340 (Fla.App.1986); Abraham v. S.E. Onorato Garages, Inc., 446 P.2d 821, 825-26 (Haw.1968); Herbert v. Whittle, 517 A.2d 358, 363 (Md.App.1986); McCarson v. Foreman, 692 P.2d 537, 541-42 (N.M.App.1984); Moore v. Kiljander, 604 P.2d 204, 206 (Wyo.1979). Accordingly, under CNMI law, entrustors of chattels are under no initial, affirmative duty to inquire into the competence of their entrustees. However, once an entrustor does know facts which would cause a reasonable person to inquire further, it may be liable for failing to do so.
 
 
 12
 The District Court concluded that "Creative Tours, prior to hiring an employee whose duties consisted primarily of driving to various locations to assist tourists, had a duty to inquire about the experience, driving record, and qualifications of the prospective employee." However, Secs. 308 and 390 relate to the tort of negligent entrustment, not the tort of negligent hiring. Islam's complaint charged Creative Tours with negligently entrusting an automobile to Ronnie Islim, not with negligently hiring him, and his argument, both in the district court and on appeal, was based on negligent entrustment. Whatever Creative Tours' duty might have been in employing Islim, it had no affirmative duty of inquiry, in its role as owner of the Toyota Corolla, prior to entrusting the car to Islim.
 
 
 13
 The dissent misconstrues what is at issue here. It contends that "an employer's duty to inquire about qualifications must turn on the circumstances of, and the risks being created by, the employment." Dissent at 2. Perhaps so. But Creative Tours has been sued only as an owner, and under the clear rules of ownership liability, it cannot be held liable solely for failing to inquire into its entrustee's competence.
 
 
 14
 Nothing in the majority disposition "shields an employer from liability" for "fail[ing] to inquire about an employee's license to drive." Dissent at 2. Employers may or may not be liable under theories not at issue here. We simply apply to this car owner the same rule that applies to all other car owners. The dissent is conspicuously devoid of any authority to suggest that some other interpretation of Secs. 308 and 390 actually applies when the entrustor is also an employer. The reason for this is simple: every other court to address the question has treated employer-entrustors just like any other entrustor. See, e.g., Mullins, 490 So.2d at 1340 (finding no liability because "there is nothing in the record to suggest that defendant had any basis or suspicion to foresee that [the employee driver] was unreliable, dishonest, or incompetent in any way."); Abraham, 446 P.2d at 825-26; Curley v. General Valet Serv., Inc., 311 A.2d 231, 237 (Md.App.1973); Burley v. Hudson, 448 A.2d 375, 377 (N.H.1982); McCarson, 692 P.2d at 541-42.
 
 II
 
 15
 Islam and Bhuiyan contend that we can affirm in any event because the record contains sufficient evidence to support the District Court's finding that Creative Tours had reason to know of Ronnie Islim's incompetence. We have reviewed the record, and we cannot agree.
 
 
 16
 Appellees point to the following information known by defendant: 1) Ronnie did not display a driver's license and was not asked about one, 2) Ronnie did not own a car, 3) Ronnie was a citizen of Bangladesh, 4) Ronnie's application showed no jobs requiring driving, 5) Ronnie did not sign a written contract, as provided for by 3 CMC Sec. 4434, and 6) Creative Tours was principally interested in the language skills of its employees.
 
 
 17
 This list is notable only for its utter unremarkableness. Nothing in the list offers any affirmative reason to suspect Ronnie could not drive competently. Ronnie never said he had no license, so absent a duty to inquire, his failure to proffer one is irrelevant. The inability to drive is surely only one of many reasons people don't own cars; for instance, an individual may not be able to afford one, or may not feel the need. Nor can one categorically assume that foreigners are incompetent drivers. Cf. Johnson v. Casetta, 197 Cal.App.2d 272, 17 Cal.Rptr. 81 (1961) (fact that car buyer couldn't speak English triggered no duty to inquire further). If having never held a position requiring on-the-job driving were grounds for suspicion, the majority of the work force would be suspect. Creative Tours' failure to have Ronnie sign a written contract was not something it "knew" which would lead it to suspect that Ronnie couldn't drive competently. Finally, Creative Tours' priorities in hiring have nothing to do with what facts they knew or had reason to know.
 
 
 18
 Creative Tours was under no affirmative duty to inquire into Ronnie Islam's competence before entrusting him with an automobile. Nor did they know of any facts which ought to have led them to inquire further. Therefore, they cannot be found liable for negligent entrustment. We reverse the judgment of the district court.
 
 
 19
 REVERSED.
 
 
 20
 WIGGINS, Circuit Judge, dissenting.
 
 
 21
 I respectfully dissent.
 
 
 22
 I think it is possible to affirm the conclusion reached by the district court and policy concerns dictate that we should do so.
 
 
 23
 The majority correctly observes that our decision should be guided by Yoo v. Quitugua, No. 93-011 (CNMI, May 12, 1994) and the Restatement (Second) of Torts. Yoo seeks the guidance of the Restatement and we should do so likewise. There are two sections of the Restatement that are implicated by this case: Sec. 308 and Sec. 390. Section 308 imposes liability upon the owner of a vehicle who permits a third party to use it if the owner "should know" of the third party's "likely" use of the car in a negligent manner. Section 390 similarly turns upon factual determinations. Liability is imposed on an owner who permits a third party to use the owner's vehicle if the owner "has reason to know" of the third party's likely negligence. The district court found liability here to exist. We have no special right to second-guess those factual determinations.
 
 
 24
 Nor can I agree on the legal issue. The Restatement does not direct an assessment of the reasonableness of the entrustment or employment based solely on the facts that happen to be exposed. Instead, it provides that a person sometimes may be expected to know certain facts. Surely one cannot know that an accident will occur. One may, however, be expected to take reasonable steps to lessen the risk of the accident. The scope of an employer's duty to inquire about qualifications must turn on the circumstances of, and the risks being created by, the employment. I do not believe it is proper to announce a rule that shields an employer from liability because that employer was so irresponsible as to fail to inquire about an employee's license to drive when driving would clearly be within the scope of that employee's duties. Yoo does not compel such a result because it involved actual, not constructive, knowledge of the lack of a license.
 
 
 25
 Given the knowledge of the owner found by the district court to exist, Creative Tours should have inquired of the licensing status of their driver and it was negligent to not make such an inquiry.
 
 
 26
 I would affirm the judgment in favor of Islam.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3