436 P.2d 169

Byron M. PETERSON and Ardell Fields, Appellants,

v.

Irving FELDMAN and Jane Doe Feldman, husband and wife, individually and doing business as Feldman Motor Company, Appellees.

No. 2 CA–CIV 398.

Court of Appeals of Arizona.

Jan. 17, 1968.

Dowdall, Harris, Hull & Terry, by Anthony D. Terry, Tucson, for appellant, Peterson.

Schorr & Karp, by Marvin D. Karp, Tucson, for appellant, Fields.

Lesher, Scruggs, Rucker, Kimble & Lindamood, by William E. Kimble, Tucson, for appellees.

MOLLOY, Judge.

This is an appeal from a summary judgment in favor of defendant Irving Feldman in a negligence action arising out of an accident to a car allegedly owned by this prevailing defendant. Joining as appellants to attack this judgment are the plaintiff, Peterson, and the defendant, Fields, who was the driver of the car in question at the time of the accident.

On March 13, 1965, Fields was involved in an automobile accident with Peterson. Peterson brought suit against Fields, Feldman and Royal Globe Insurance Company. In the trial court, the action was dismissed without prejudice as to Royal Globe. Feldman having been granted the summary judgment mentioned above, the cause proceeded to trial against Fields alone. It was stipulated that Fields' negligence was the sole cause of this accident and the matter was submitted to a court commissioner for determination of damages. A judgment was rendered in the sum of $86,150 plus costs and interest on November 16, 1966.

The car which Fields was driving had been "purchased"[1] from the Feldman Motor Company, a sole proprietorship operated by Mr. Feldman. The date of "purchase" was March 3, 1965, at which time Fields gave, in trade, his 1953 Pontiac and a cash deposit of $150, owing a balance of $228 on the purchase of the 1957 Buick. At this time, Fields was allowed to take the car from the lot, equipped with one of Feldman's "dealer plates" numbered 7812. The reason for Feldman's allowing Fields to use his dealer plate was that Feldman could not give title to the Buick to Fields at that time. Feldman explained the Buick had been purchased by him in Phoenix on February 1, 1965, but the title had not yet been received.

1. The word "purchased" is placed in quotation marks because the record is unclear as to whether ownership of this car had passed to Fields.

█ At the time of the accident, the Buick was still bearing the dealer plate No. 7812, and Feldman had not effected a transfer of title to Fields. At the time of the accident, Fields was not employed by Feldman nor was he performing any service of any kind for Feldman or the Feldman Motor Company.[2] There is no contrary evidence in the record.

█ Appellants contend that Fields was the "agent" of Feldman, relying upon the legal presumption that a non-owner driver is presumed to be on the business of the owner of the car as an employee. Silva v. Traver, 63 Ariz. 364, 162 P.2d 615 (1945). This legal presumption, however, pertains only " * * * in the absence of evidence." Silva, supra, at 386, 162 P.2d 615. We hold that such a presumption, to the extent that it existed in this case, was insufficient to forestall summary judgment. When the "evidence" (in the form of depositions—see note 2) is as clear as that presented here, we see no purpose in delaying judgment until after a formal trial.

█ Elements of liability in negligence are the existence of a duty, and a breach of that duty by the defendant which proximately results in the injury to the plaintiff. Shafer v. Monte Mansfield Motors, 91 Ariz. 331, 372 P.2d 333 (1962). In the absence of statute, the owner of a motor vehicle is not liable for the injuries inflicted by the negligence of one driving with his permission. 8 Am.Jur.2d Automobiles and Highway Traffic § 571, at 122–23; 60 C.J.S. Motor Vehicles § 439, at 1108–1110. There is no statute in Arizona changing this law and we think this law is controlling here. Consolidated Motors, Inc. v. Ketcham, 49 Ariz. 295, 66 P.2d 246 (1937).

█ The appellants also contend Fields was an insured of Royal Globe and he was not provided adequate assistance of counsel during the two times he was deposed. It is argued that, because of his lack of representation and because Fields was somehow misled by Royal Globe, the summary judgment in favor of Feldman was improper. The plaintiff has cited no law to support the contention that he is in any

---

2. Irving Feldman Deposition of Dec. 6, 1965, at 22:

"Q Was Mr. Fields employed by you in any capacity?
"A No."

Irving Feldman Deposition of Dec. 6, 1965, at 31:

"A Well, that paragraph merely brings out the fact that Ardell Fields was not performing a service of any kind for us or wasn't working for us."

Irving Feldman Deposition of Sept. 21, 1965, at 25–26:

"Q Then he was not your employee or in any way—     .
         *     *     *     *
"Q Was he—
"A He wasn't acting in any capacity for us of any nature."

Irving Feldman Deposition of Dec. 6, 1965, at 32–33:

"Q * * * and when you say he wasn't performing a service of any kind for you or for the Feldman Motor Company, I assume you're referring to the fact that he wasn't on any errand for you or that type of service which you normally associate with an employee relationship.

         *     *     *     *     *
"A No, he wasn't performing any service for us.
"Q By 'service,' what do you mean?
"A What do you mean?
"Q You can't mean whatever I mean by—
"A He wasn't in our employ. He wasn't working for us. He wasn't running any errands for us. He was in no way performing any service of any kind for us. He was on his own, performing his own affairs, whatever they were."

Ardell Fields Deposition of Dec. 6, 1965, at 9:

"Q During the time that you—up till the accident, that you were using this car with Mr. Feldman's plates, did you run any errands at all for him or do anything that he requested you to do?
"A No, I didn't.
         *     *     *     *     *
"Q And is it fair to assume that at the time of the accident you were not doing anything specifically—and by that I mean a specific errand or job—for Mr. Feldman or the Feldman Motor Company?
"A No, I wasn't."

position to take advantage of any wrong Royal Globe may have done Fields. We are concerned here only with the judgment in favor of Feldman, and we are unable to grasp why any breach of duty on the part of Royal Globe towards Fields would make Feldman liable to Peterson.

 The foregoing disposes of all contentions raised by Peterson. Appellant Fields adopted by reference the entire brief on appeal of the appellant Peterson without raising any additional questions. Additionally dispositive of Fields' appeal is the fact that he is without status on appeal. He was in no way prejudiced or aggrieved by the summary judgment in favor of his codefendant Feldman. This jurisdiction allows no contribution among joint tortfeasors. See United States v. State of Arizona, 214 F.2d 389 (9th Cir.1954). Because Fields was not aggrieved by the grant of the summary judgment, he cannot properly question that judgment in this court. Rule 73(a), R.Civ.P., 16 A.R.S.; Christian v. Cotten, 1 Ariz.App. 421, 403 P.2d 825 (1965).

Judgment affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.