GERALD KAPLAN, Plaintiff and Appellant, *v.* JUDITH EDWARDS HAUF et al., Defendants and Respondent.

No. 12013.
Submitted Oct. 27, 1971.
Decided Dec. 15, 1971.
As Amended on Denial of Rehearing
Jan. 7, 1972.
492 P.2d 213.

360

The HON. THOMAS DIGNAN, District Judge, sat in place of MR. JUSTICE JOHN C. HARRISON.

MR. JUSTICE CASTLES dissented and filed Opinion.

Morrow, Nash & Sidivy, Edmund P. Sedivy, argued, Bozeman, Joseph P. Monaghan, Butte, for plaintiff and appellant.

Robert L. Johnson, argued, Lewistown, Berg, O'Connell, Angel & Andriolo, Charles F. Angel, argued, Bozeman, Smith, Emmons & Baillie, William Baillie argued, Great Falls, for defendants and Respondents.

MR. JUSTICE HASWELL delivered the Opinion of the Court.

This is a personal injury action by a passenger in an automobile involved in a two-car collision in a Bozeman intersection against the driver of the car in which he was riding, his driver's employer, and the driver of the second car involved. From a judgment entered on a jury verdict in the district court of Gallatin County in favor of all defendants and denial of his motion for a new trial, plaintiff appeals.

Plaintiff and appellant is Gerald Kaplan, a Jewish Rabbi from Butte, who was in Bozeman participating in a televised panel discussion relating to religious needs of patients, which was sponsored by the Montana State University school of nursing. Defendants and respondents are Judith Edwards Hauf, an instructor in the Montana State University school of nursing who was driving plaintiff in her car to catch a bus when the accident occurred; the State of Montana, Board of Education, Mrs. Hauf's employer; and Paul David Pattee, a high school student, who was the driver of the other car involved in the accident.

The accident forming the basis of this case occurred about 8:15 a.m. on May 11, 1966 at the intersection of North Third Avenue and West Beall Street in Bozeman. One of the vehicles involved was a 1965 Mercury automobile owned and driven by

defendant Hauf in which plaintiff was riding as a front seat passenger; this vehicle was proceeding north on North Third Avenue attempting to catch plaintiff's Butte-bound bus which they had missed at the bus depot. The other vehicle involved in the collision was a 1957 Chevrolet station wagon driven by defendant Pattee and carrying a schoolmate as a passenger; this vehicle was traveling west on West Beall Street carrying its occupants to high school. It was a rainy morning in Bozeman and as these two cars entered the intersection at North Third and West Beall, the front end of the Hauf car struck the left side of the Pattee vehicle. As a result of the accident, the plaintiff claimed injuries for which he seeks damages in the instant case.

The evidence at the trial indicated that plaintiff had been invited to Bozeman to participate in a panel discussion to be video taped and to be shown on closed circuit television to the freshman class of Montana State University school of nursing. Plaintiff had been so invited by defendant Hauf; it was agreed that Montana State University would take care of plaintiff's general expenses for participating in this production, all of which was approved by Hauf's supervisor. On plaintiff's arrival in Bozeman, Hauf met him at the bus depot and took him to the television studio at Montana State University. After the production was concluded Hauf took plaintiff to his motel and made arrangements to pick him up the next morning and take him to the bus depot for his return trip to Butte. Hauf admitted that her driving of Kaplan to and from the bus was the type of expense that Montana State University would reimburse plaintiff for had he hired a taxi for this purpose. Plaintiff was ultimately paid a flat amount by check from Montana State University bearing the notation "Honorarium for Visiting Lecturer".

Hauf picked up plaintiff the next morning at his motel and drove him to the bus depot for his return to Butte. As they approached the bus depot, the bus was departing and proceeding west on Main Street. Accordingly, Hauf decided to try and intercept the bus on North Seventh Avenue where she had prev-

iously seen it stop to pick up passengers. The accident at the intersection of North Third and West Beall occurred before the Hauf vehicle reached North Seventh Avenue.

The evidence showed this was plaintiff's first time in Bozeman and he was unfamiliar with the streets here. Plaintiff did not know how to drive a car and had no driver's license.

Following trial the jury returned a verdict in favor of all defendants. Judgment was entered on this verdict. Subsequently plaintiff moved for a new trial which was denied. This appeal followed.

The issues upon appeal, with one exception, all relate to the giving or refusal of certain jury instructions and will be considered individually in the discussion that follows.

The first issue for review upon appeal is whether the district court erred in its instruction on the definition of "guest" and "passenger". This instruction was court's instruction No. 11 which read as follows:

"An occupant of a vehicle, other than the driver, is either a 'guest' or a 'passenger'. The distinction made by law between a guest and a passenger will now be explained to you.

"A 'guest' is one who is invited, either expressly or by implication, to enjoy the hospitality of the driver of the vehicle; who accepts such hospitality; and who takes a ride in such vehicle, either for his own pleasure or on his own business, without making any return to or conferring any benefit upon the driver of the vehicle as compensation for the ride.

"An occupant is a 'passenger' when the driver receives some tangible benefit, in money or otherwise, which is a motivating influence for the rider's transportation and which is understood by both to be, and is given and received as, compensation for the ride. In the event there are also other motivating influences for the rider's transportation, such tangible benefit, not their pleasure, kindness or friendship alone, must be the principal inducement for the ride to constitute compensation."

Plaintiff's objection to this instruction on settlement reads as follows:

"MR. SEDIVY: The Plaintiff objects to the giving of Defendant Hauf's No. 10 on the grounds that the instruction fails to include, for example in Paragraph 2 concerning benefit or return be not to the driver or the principal involved, which is the essential element in this case and I would refer the Court to Plaintiff's proposed Instruction No. 20 which does cover this more fully and I also object to the third paragraph, that is clearly not the law with the regard to the issue of guest passengers and the law is stated in * * * Plaintiff's proposed 20."

A second related instruction is court's instruction No. 12 which reads as follows:

"A driver is not subject to liability for any injury to his guest unless such injury proximately resulted from gross negligence on the part of the driver."

Plaintiff's objection was as follows:

"MR. SEDIVY: The Plaintiff will object to No. 9 of the Defendant Hauf on the grounds that it is not a statement of the law as set forth in the statute concerning guest passengers in Montana and a guest passenger statute should be given, what is the law on the particular subject."

The vice in these instructions is that they bind the jury to find plaintiff Kaplan to be a guest since it is clear from the evidence that Hauf received no benefit individually from Kaplan's presence in Bozeman. However, Hauf's employer, Montana State University, clearly received a benefit. Where a driver acting within the scope of his employment is carrying a passenger in a motor vehicle for the direct benefit of the driver's employer, such passenger is not a 'guest passenger' who assumes the ordinary negligence of the driver, but is a passenger for hire to whom the 'guest statute' does not apply. Accordingly, the instruction as given is incorrect and clearly prejudicial to the plaintiff.

The second issue upon appeal is whether the trial court correctly instructed the jury on the theory of joint enterprise as contained in court's instruction No. 21 to the jury. This instruction reads as follows:

"You are instructed that one of the questions for you to determine in this case is whether plaintiff and Judith Edwards Hauf were engaged in a joint enterprise at the time of the accident in question. A joint enterprise is a relationship which arises from an agreement between two or more persons to undertake some common objective for the benefit of all. Such an agreement may be expressed in words or may be reasonably implied from the circumstances.

"An essential feature of a joint enterprise between a driver and a rider is that the driver and rider, either expressly or impliedly, have an equal right to the voice in the direction of the enterprise which gives an equal responsibility for the right to the management of the automobile."

Plaintiff's objection to this instruction is as follows:

"MR. SEDIVY: The plaintiff objects to the Defendant Pattee's proposed Instruction No. 14 as it purports to be a directed verdict as a matter of law that the Plaintiff and Judith Edwards Hauf were engaged in a joint enterprise, and, of course, the elements of joint enterprise as defined by the courts of Montana include specifically, and referring to the case of Sumner vs. Amacher, 437 P.2d 630, where it says the elements necessary for joint enterprises between passenger and driver requires, first, there is a common pecuniary interest in that purpose of the trip, and a joint right of control of the automobile at the time of the accident, and the facts in this case are clear that when the car left the bus depot heading for a destination of catching the bus, plaintiff Kaplan didn't know where she was going, how she was going to get there and he was not aware of the city of Bozeman, didn't know what route she was taking or any danger or anything else that might have been involved. He did not drive a vehicle and certainly cannot be considered to have any joint control over that automobile; further it wasn't a joint enterprise as such."

Although the cases speak in terms of whether or not a

"joint enterprise" or a "joint venture" exists, the real issue is whether or not the negligence of the driver can be imputed to the passenger under the circumstances existing at the time of the accident and so far any action by the passenger for his injuries.

■ Insofar as automobile guest cases are concerned, it is now generally held that a common purpose and a common destination, without the existence of a common pecuniary interest, are not enough in themselves to constitute a joint enterprise and impute the negligence of the driver to the passenger. Kocher v. Creston Transfer Co., 166 F.2d 680 (3d Cir. 1948) ; Thompson v. Bell, 129 F.2d 211 (6th Cir. 1942) ; Wosson v. Liberty Fast Freight Co., 124 F.2d 448 (2d Cir. 1942) ; Pope v. Halbern, 193 Cal. 168, 223 P. 470.

■ Under the circumstances of the instant case disclosed by the evidence, the element of joint control and the element of community of pecuniary interest, both as set forth in the case of Sumner v. Amacher, 150 Mont. 544, 437 P.2d 630, are totally lacking. Accordingly, no "joint enterprise" or "joint venture" exists as a matter of law under the evidence here. The giving of an instruction on this subject is prejudicial error for it enables the jury to impute the negligence, if any, of the driver to the passenger and bar any recovery by plaintiff.

■ ■ Proceeding to the next issue for review, in our view the evidence simply does not furnish any basis for a finding of contributory negligence on the part of the plaintiff. Therefore, the giving of an instruction on this subject is error. The rule is clear that contributory negligence is a question of law when the evidence is of such a character that it will support only one reasonable inference ; otherwise, it is to be considered a question of fact. Wollan v. Lord, 142 Mont. 498, 385 P.2d 102.

■ The next issue for review upon appeal is whether the trial court erred in instructing the jury on assumption of risk by the plaintiff. Here again our ruling is on the same basis

as our prior ruling on contributory negligence. There is simply no evidence in the record from which the jury could have found that plaintiff assumed the risk. Here plaintiff did not know how to drive a car, had no driver's license, was unfamiliar with the streets of Bozeman, and had not previously observed the driver of the car in which he was riding driving improperly. Plaintiff could not under any circumstances consent to assuming a risk which could not be anticipated and which he knew nothing about.

The next issue upon appeal is failing to give the following instruction:

"You are instructed that the driver of a motor vehicle upon the highways of the State of Montana is required at all times to keep his vehicle under control. A vehicle is under control if the driver thereof has the ability to avoid colliding with another who is lawfully using the highway. Failure to keep a motor vehicle under control upon the highways of this state is negligence."

Suffice it to say that the trial court gave other instructions covering the duty of drivers of motor vehicles, both under Bozeman city ordinances and under the state law. If the jury is adequately instructed by other instructions, a party cannot complain because the trial court refuses to give his offered instruction on the same subject. (Suhr v. Sears Roebuck Co., 152 Mont. 344, 450 P.2d 87)

The next issue upon appeal is whether the trial court erred in failing to give plaintiff's proposed instruction No. 16 concerning speed regulations at intersections under the Bozeman traffic ordinance. This ordinance by its terms only applies when a driver approaching within 50 feet of an intersection does not have an unobstructed view of streets entering the intersection for a distance of 200 feet in which case there is a 15 mile per hour speed limit. The evidence in this case clearly shows such conditions did not exist at the intersection in question and therefore the speed regulation contained in the

Bozeman traffic ordinance did not apply. Therefore, it was not error to refuse to give such instruction.

The final issue for review upon appeal is whether or not the trial court erred in refusing to grant plaintiff a new trial based upon (a) the foregoing claims of error in the giving or refusal of jury instructions, and (b) on the grounds that the verdict was contrary to the evidence. The foregoing discussion indicates the errors in the giving or refusal of jury instructions which warrant the granting of a new trial.

Accordingly, the judgment of the district court is reversed and the cause remanded to the district court for a new trial.

MR. CHIEF JUSTICE JAMES T. HARRISON, MR. JUSTICE DALY, and the HON. THOMAS DIGNAN, District Judge, sitting in place of MR. JUSTICE JOHN C. HARRISON, concur.

MR. JUSTICE CASTLES (dissenting):

I dissent. This rather complex trial involved as defendants, two drivers, the parents of one, and the employer of the other. Because of this the instruction necessarily did not neatly cover each of the distinctly separate legal duties. But, taken as a whole in the context of the trial here, the jury was, in my opinion, fully and fairly instructed.