No. 12550

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

IRMA ANN ROSEN, formerly IRMA ANN
CRUM; GRACE J. WEEKS, formerly
GRACE J. CRUM; and MARY ELLEN KOCH,
formerly MARY ELLEN CRUM,

               Plaintiffs and Appellants,

-vs-

JOHN L. MIDKIFF, SR., and J. L.
MIDKIFF, also known as JOHN L.
MIDKIFF, JR.,

               Defendants and Respondents.

---

Appeal from: District Court of the Sixteenth Judicial District,
             Honorable Alfred B. Coate, Judge presiding.

Counsel of Record:

    For Appellants:

        Kenneth R. Wilson argued, Miles City, Montana

    For Respondents:

        William F. Meisburger argued, Forsyth, Montana

---

                       Submitted: January 18, 1974

                       Decided: FEB 2 8 1974

Filed: FEB 2 8 1974

*Thomas J. Kearney*
                      Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal by plaintiffs, Irma Ann Rosen, Grace J. Weeks and Mary Ellen Koch, from a judgment rendered by the district court of the sixteenth judicial district in and for the county of Rosebud upon the granting of a motion for summary judgment made by the defendants, John L. Midkiff, Sr. and John L. Midkiff, Jr.

There are two district court files which by stipulation are before this Court. In 1955 a quiet title action, John L. Midkiff, et al. v. Irma Ann Rosen, et al., was filed in Rosebud County as Civil No. 6253. In 1969 another action was commenced by the defendants in Civil No. 6253 to vacate the judgment entered in Civil No. 6253 in favor of plaintiffs, Midkiff, et al. The 1969 action was filed in the district court as Civil No. 7453. Hereinafter, Irma Ann Rosen, Grace J. Weeks and Mary Ellen Koch, the defendants in Civil No. 6253, the plaintiffs in Civil No. 7453 and appellants herein will be referred to as Rosens, and John L. Midkiff, Sr. and John L. Midkiff, Jr., the plaintiffs in Civil No. 6253, the defendants in Civil No. 7453 and respondents herein will be referred to as Midkiffs.

The district court file in Civil No. 6253 shows the following pertinent facts: The complaint in this cause was answered by the Rosens. For reasons unknown, the case remained dormant for several years. On September 20, 1967, petition and affidavits in support thereof were filed by Midkiffs pursuant to section 84-4158, R.C.M. 1947. On that same day, the district court issued an order directing Rosens to show cause why they should not be directed to deposit the sum of $2,712.94 to the use of Midkiffs, as tax purchasers in the event Midkiffs' claim to the real property should not succeed. This order was mailed to R. C. Harken, Esq., attorney for Rosens and to the Rosebud County Treasurer. One publication of the order was made in the

- 2 -

Forsyth Independent as is shown by affidavit.

On September 29, 1967, the district court quieted title in Midkiffs as to all defendants, except the Rosens. The hearing on the order to show cause was held on October 11, 1967. As to this hearing the minute entry of the district court reads:

> "Hearing on Order to Show Cause. Affidavit of Publication has been filed herein showing due notice given. William F. Meisburger sworn and presented proof. Order requiring a deposit of $2,712.94 from the answering defendants is signed. Deposit to be made no later than November 12, 1967. Let the record show that Mrs. Roe, of Lewistown, Idaho, one of the defendants named in the above entitled cause formerly bearing the name of Rosen, appeared in court by her counsel, R. C. Harken and made no objection to the Petition for the requirement of Deposit, with the understanding that the defendants would still have the opportunity to appear in said cause and answer and contest the claim of the plaintiff. Order is signed."

No deposit was made within the time required. By supplemental and final decree of November 17, 1967, the district court entered a judgment for Midkiffs and against Rosens quieting title to the lands in dispute in the Midkiffs.

The district court file in Civil No. 7453 reveals that on October 21, 1969, this cause was commenced by Rosens to attack the judgment entered in Civil No. 6253. In April 1970, Midkiffs filed their answer and a motion for summary judgment. On June 26, 1970, Rosens filed a motion for leave to amend the complaint and an amended complaint was filed on December 15, 1972, which in substance alleged: that the order to show cause issued on September 20, 1967, was mailed to R. C. Harken, at that time attorney for the Rosens and that personal service was not made of this order on Rosens nor was the order posted as required by section 84-4158, R.C.M. 1947; that R. C. Harken, by letter of October 7, 1967, forwarded a copy of the order to each of the appellants but that only one of them Irma Ann Rosen, received the letter prior to the

- 3 -

hearing date; and that by the decree of the district court default judgment was entered against Rosens without notice of written application for judgment, as provided by Rule 55(b)(2), M.R.Civ.P. and that neither R. C. Harken nor the Rosens received notice of entry of judgment as required by Rule 77(d), M.R.Civ.P.

On December 20, 1972, Midkiffs filed their answer to the amended complaint and a counterclaim. Midkiffs denied that personal service was not made and that there was no posting as required by the statute, and denied that the order of October 11, 1967 was not served. The only new allegation in Midkiffs' counterclaim was that the judgment against Rosens in Civil No. 6253 was not a default judgment and Rule 55(b)(2), M.R.Civ.P. did not apply.

On March 6, 1973, Midkiffs moved for summary judgment, and on March 30, 1973, the motion was heard. Interrogatories were taken by Midkiffs of the Rosens. On May 15, 1973, the district court entered its findings of fact and conclusions of law and granted Midkiffs' motion for summary judgment and dismissed Rosens' complaint with prejudice. Rosens moved to amend the district court's findings of fact and conclusions of law which was denied. Rosens have appealed.

Rosens present two issues for review, both of which can be summarized as follows: Did the district court err in granting the motion for summary judgment?

Rosens contend that the district court should not have granted the summary judgment for the reason that Rule 77(d), M.R.Civ.P., which requires service of notice of entry of judgment, was not followed in Civil No. 6253, and there was no showing of said service. The purpose of Rule 77(d), M.R.Civ.P. is obviously to inform a party that a judgment has been entered against him and the nature and amount of relief and damages thereby granted.

Pursuant to Rule 81, M.R.Civ.P., certain statutory proceedings

- 4 -

listed in Table A, M.R.Civ.P. take precedence over the rules where inconsistent. Section 84-4158, R.C.M. 1947 is so listed and provides in part:

> "Upon the hearing of the order to show cause the court shall have jurisdiction to determine said amount and to make an order that the same be paid into court within a given time, not exceeding thirty (30) days after the making of said order. If such amount, when so determined, shall not be paid within the time fixed by said court, then said true owner shall be deemed to have waived any defect in the tax proceedings and any right of redemption, and thereupon, irrespective of any irregularities, defects or omissions or total failure to observe any of the provisions of the statutes of Montana regarding the assessment, levying of taxes, or sale of property for taxes, and the giving of notices, including notices of redemption, or concerning tax deeds, whether or not such omissions or failures make said proceedings void (other than that the taxes were not delinquent or have been paid), the title of such true owner shall not be quiet as against said purchaser or his successors, and a decree shall be entered in said action quieting the title of said purchaser or his successor as against said true owner."

According to the district court minutes of October 11, 1967, R. C. Harken appeared on October 11, 1967, and was advised in open court of the fact that the failure to deposit the sum of $2,712.94 by November 12, 1967, would result in the entry of judgment. The district court minutes further indicate that R. C. Harken appeared for the "defendants" (Rosens). It is further noted that attorney Harken made no objection to the petition, with the understanding that the defendants would still have the opportunity to appear in the cause and answer and contest the claim. The record shows that at all times prior to and including the time of the hearing on the order to show cause, Rosens were represented by attorney Harken.

Rosens, through their attorney, had notice that if they did not deposit the sum required, a decree pursuant to section 84-4158, R.C.M. 1947, would be entered against them quieting

- 5 -

title in Midkiffs. The deposit was not made and the decree was entered. It is this Court's view that it would be redundant to require the application of Rule 77(d), M.R.Civ.P. under the circumstances here, there being notice that a decree would be entered if the money was not deposited. By reason of Rosens' own failure to deposit the money, the district court entered the decree quieting title in Midkiffs. For Rosens now to say that they should have been given notice of this entry of judgment pursuant to Rule 77(d), M.R.Civ.P. is without merit.

Rosens also contend that the motion for summary judgment should not have been granted for the reason that the order of October 11, 1967, was invalid because of lack of jurisdiction under section 84-4158, supra. Rosens argue that because there is no showing that the order to show cause of September 20, 1967 was posted in three public places ten days before the hearing date, section 84-4158, R.C.M. 1947, was not followed.

As to the order to show cause of September 20, 1967, section 84-4158 states:

"In any action now pending, or hereafter brought
to set aside or annul any tax deed, or to quiet
title * * * the purchaser or his successor upon
filing an affidavit may obtain from the court an
order directed to the person claiming the property
* * * or to show cause on a date to be fixed in
said order, not exceeding thirty (30) days from
the date thereof, why such payments should not be
made. Said affidavit shall set forth the place of
residence of said true owners and whether they are
in the state of Montana, if known to the plaintiff,
or that the same is not known to the plaintiff.

"Said order shall be filed with the clerk and a
copy served personally upon all persons shown in
said affidavit to be residents of and in the state
of Montana, and jurisdiction shall be acquired over
all other persons by publishing the same once in
a newspaper in the county, and by posting the same
in three (3) public places in the county at least
ten (10) days before the day fixed for the hearing
and by leaving a copy with the county treasurer."

Section 84-4158, R.C.M. 1947, requires a nonresident to

be notified of the order to show cause by having it published in a newspaper in the county and by posting the same in three public places in the county at least ten days before the date set for hearing.

The interrogatories to the three appellants show identical answers to the following question: " * * * Please state all proof and evidence that you have knowledge of that said order to show cause was not properly posted." Their answers were uniformly that their attorney did not find an affidavit of posting in the file and that, therefore, "we assume that it was not posted."

The presumption in favor of the posting by the clerk, while rebuttable, is provided in section 93-1301-7(15), R.C.M. 1947, which provides, "That official duty has been regularly performed."

It is this Court's opinion that a mere assumption in the absence of an affidavit in the court file is not the type of proof which is necessary to override the presumption that the act was officially performed in a routine and regular manner, and to have received the answer by appellants in the interrogatory was ample indication to the district court and to this Court that there was no other proof.

The district court properly concluded that the Rosens were at all times under the jurisdiction of the district court.

Rule 56(c), M.R.Civ.P., provides in part:

" * * * The judgment sought shall be rendered
forthwith if the pleadings, depositions, answers
to interrogatories, and admissions on file show
that there is no genuine issue as to any material
fact and that the moving party is entitled to a
judgment as a matter of law. * * *"

As this Court in Stensvad v. Miners & Merchants Bank of Roundup, _____Mont._____, 517 P.2d 715, 30 St.Rep. 1178, 1182, stated:

- 7 -

Rule
"Under/56(c), M.R.Civ.P., the moving party for summary judgment must bear the burden of proving the absence of any genuine issue as to all material facts which would, as a matter of law, entitle him to judgment. Kober v. Kyriss v. Billings Deaconess Hospital, 148 Mont. 117, 417 P.2d 476."

From our examination of the record herein, that is, the pleadings, Rosens' answers to interrogatories and the district court file in Civil No. 6253, and from our discussion of the contentions presented by Rosens, it is our conclusion that there is no genuine issue as to any material fact and Midkiffs were entitled to a judgment as a matter of law.

For the foregoing reasons, the judgment of the district court is affirmed.

------------------------------------------
Chief Justice

We concur:

-----------------------------------

-----------------------------------

-----------------------------------

-----------------------------------
Justices

- 8 -