No. 12527

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

_____

ARTHUR S. FLANAGAN,

Plaintiff and Appellant,

-vs-

MICHAEL CURRAN,

Defendant and Respondent.

_____

Appeal from: District Court of the Eighth Judicial District, Honorable Paul G. Hatfield, Judge presiding.

Counsel of Record:

For Appellant:

Hoyt, Bottomly and Gabriel, Great Falls, Montana
John C. Hoyt argued, Great Falls, Montana

For Respondent:

Smith, Emmons and Baillie, Great Falls, Montana
William T. Baillie argued, Great Falls, Montana

_____

Submitted: March 22, 1974

Decided: APR 17 1974

Filed: APR 17 1974

Thomas J. Kearney
Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal by the plaintiff in a personal injury action from an order of the district court of Cascade County, the Hon. Paul G. Hatfield presiding, granting summary judgment to the defendant.

The plaintiff, Arthur S. Flanagan, was employed by defendant, Michael Curran, as a ranch hand. While so employed he was run over by a tractor and suffered the injuries complained of in this action. Viewed in the light most favorable to plaintiff the circumstances surrounding the accident are as follows: Plaintiff was an "old time" ranch hand who had during most of his working life been more involved with horses than tractors or other things mechanical. He did, however, know how to operate a tractor and had spent increasing amounts of time doing so over the last five years. As a part of his duties for defendant, plaintiff operated the tractor involved in the accident. This use was on a daily basis for three weeks proceeding the accident. During this period the plaintiff had difficulty starting the tractor. Another employee showed him how to start it by "jumping" the points of the solenoid with a pair of pliers. Plaintiff used this method by standing by the side of the tractor between the front and rear wheel. He did this during the entire period he used the tractor. The plaintiff informed the defendant's foreman, mechanic and other employees of the starter difficulties. On the day of the accident he parked the tractor with the intention of not using it until the starter deficiency was repaired. However, a "rush" job came up and plaintiff without checking to see if the tractor was in gear jumped the points of the solenoid to start it. The tractor was in gear and when it started ran over plaintiff causing severe injuries.

On January 10, 1973, defendant's motion for summary judgment

was heard and the district court indicated " * * * that I think that this case is one for summary judgment as a matter of law * * *." However, because an appeal to the United States Supreme Court was pending in the case of Hammond v. Hager, 160 Mont. 391, 503 P.2d 52, 29 St.Rep. 945, involving the question of the availability of the defenses of assumption of risk and contributory negligence in agricultural employment cases, the district court stayed its proceedings until determination of the appeal by the United States Supreme Court. On April 2, 1973, the Supreme Court dismissed the appeal for want of a substantial federal question. Hammond v. Hager, _____U.S._____, _____S.Ct._____, 36 L ed 2d 303. This dismissal effectively affirmed our determination that the defenses of assumption of risk and contributory negligence were available. On April 5, 1973, the district court entered summary judgment for defendant.

Plaintiff raises two issues on this appeal. (1) That the district court erred by granting defendant summary judgment without allowing the plaintiff an opportunity to present arguments in opposition to the motion; (2) that the district court erred in deciding that there was no material factual dispute and as a matter of law that plaintiff was contributorily negligent or had assumed the risk of his employment.

Rule 56, M.R.Civ.P., provides for a hearing on a motion for summary judgment as a matter of right. If in fact the plaintiff was denied the right to be heard on the merits of the motion the district court was in error. In this case it is clear that plaintiff had an opportunity to be heard on the merits at the hearing on January 10, 1973. The transcript of that hearing does not indicate to what extent the merits were argued since a part of the hearing was off the record. It is, however, recited in the district court's order staying proceedings that argument had been

- 3 -

heard on the defenses of contributory negligence and assumption of risk. From this it appears that plaintiff had the opportunity to be heard and in fact was heard on the merits of the motion for summary judgment.

Plaintiff's second issue on this appeal is whether or not the district court erred in concluding that there was no material dispute of fact and as a matter of law plaintiff was contributorily negligent or had assumed the risk of his employment. Preliminary to a detailed discussion it is necessary to recall the well established rules governing summary judgment. Summary judgment is not a proper tool for resolving disputed issues of fact and is accordingly improper whenever material factual matter is in dispute. Rule 56(c), M.R.Civ.P., Mustang Beverage Co., Inc./ v. Jos. Schlitz Brewing Co., ____Mont.____, 511 P.2d 1, 30 St.Rep. 565; Dunjo Land Co. v. Hested Stores Co., ____Mont.____, 515 P.2d 961, 30 St.Rep. 939. Further, the burden of showing that there is no disputed issue of material fact is on the party seeking summary judgment. Kober & Kyriss v. Billings Deac. Hosp., 148 Mont. 117, 417 P.2d 476; Stensvad v. Miners & Merchants Bank of Roundup, ____Mont.____, 517 P.2d 715, 30 St.Rep. 1178; Rosen v. Midkiff, ____Mont.____, 519 P.2d 416, 31 St.Rep. 215.

From our examination of the record herein, consisting of the pleadings, answers to interrogatories and depositions, we conclude that the district court was correct in determining that the defendant had borne his burden and shown there was no material dispute of fact with regard to the defense of assumption of risk. The showing required to sustain the defense of assumption of risk is set out in D'Hooge v. McCann, 151 Mont. 353, 443 P.2d 747, and states:

> " * * * four elements must be proven by the em-
> ployer in order to establish assumption of risk
> by the employee: (1) knowledge, actual or implied,
> of the particular condition; (2) appreciation of

- 4 -

this condition as dangerous; (3) a voluntary re-
maining or continuing in the face of the known
dangerous conditions; (4) injury resulting as
the usual and probable consequence of this
dangerous condition. * * *"

Each of these elements is established by plaintiff's answers to interrogatories and by his deposition.

Plaintiff's knowledge of the starter defect is baldly stated in his answer to defendant's interrogatory:

"4.  Did you know prior to October 31, 1967, that
the Ford diesel had a defective starting system * * *

"ANSWER:  Yes."

Plaintiff's deposition elaborates on this answer and indicates that he was aware of the starter defect for at least three weeks.

Appreciation of the starter condition as dangerous is less baldly stated but equally clear.  Plaintiff had been operating tractors for over 5 years.  Further he had been operating the tractor involved in the accident for at least three weeks.  He had also worked as a truck driver.  In his own words, " * * * prior to this I did a lot of trucking * * *".  While it is asserted that plaintiff was an "old time" ranch hand there is nothing to indi-cate that he was of less than normal intelligence.  It seems clear that a person of normal intelligence who had operated various types of machinery would appreciate the fact that standing directly in front of the tire of a tractor while attempting to start it was dangerous.  This appreciation of risk can be directly inferred from the plaintiff's statement in response to an interrogatory that " * * * we advised them and told them we weren't going to use it until it was fixed * * *."  This response was reiterated in plaintiff's deposition.

The plaintiff's voluntary remaining in the face of this known danger is obvious.  He objected to the condition of the starter but then proceeded to again start the tractor by "jumping" the points of solenoid, thus consenting to accept risk involved.

- 5 -

The final element needed to establish the defense of assumption of risk, an injury resulting from the known dangerous condition, is equally clear. The risk of starting a vehicle while standing in front of it is that it may run over the individual who does so. In this case the risk was realized when the tractor started and rolled over the plaintiff.

The defenses of contributory negligence and assumption of risk are applicable to cases of agricultural employment, Hammond v. Hager, supra. If either is established it will bar plaintiff's recovery, thus negating any issue with regard to defendant's negligence. Since as heretofore indicated the defense of assumption of risk is established by the undisputed facts contained in the record, the district court was correct in granting summary judgment to the defendant.

The judgment of the district court is affirmed.

_____
                    Justice

We concur:

_____
Chief Justice

_____

_____
Justices

- 6 -