No. 12949

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

JOAN M. BAHM, as Administratrix of
the Estate of FRANK BAHM, Deceased and
individually as representative of herself and
the minor children of FRANK BAHM, Deceased,

Plaintiff and Appellant,

-vs-

RONALD DORMANEN,

Defendant and Respondent.

---

Appeal from:   District Court of the Fourth Judicial District,
               Honorable E. Gardner Brownlee, Judge presiding.

Counsel of Record:

For Appellant:

Johnson and Foster, Lewistown, Montana
Robert L. Johnson argued, Lewistown, Montana

For Respondent:

Garlington, Lohn and Robinson, Missoula, Montana
Gary L. Graham argued, Missoula, Montana

---

Submitted:   September 22, 1975

Decided: DEC 1 0 1975

Filed: DEC 1 0 1975

Thomas J. Kearney
Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal by plaintiff in a personal injury action from a summary judgment for defendant by the district court, Missoula County, the Hon. E. Gardner Brownlee, presiding.

Plaintiff initiated this survival and wrongful death action after a head-on automobile collision on U.S. Highway 93 south of Missoula involving a vehicle driven by her husband Frank Bahm, and a vehicle driven by one William Nordahl on October 31, 1970. Nordahl and Bahm died as a result of the accident. The vehicle driven by Nordahl was owned by Jack Tripp. Defendant Dormanen was not present at the collision scene.

The events leading to the fatal accident revolve about a decision made by Nordahl and defendant Ronald Dormanen to go on a hunting trip. This decision was made while they were drinking at the Florence bar in Florence, Montana. After deciding to go hunting, the two men proceeded to Stevensville where they borrowed a pickup and horse trailer from Jack Tripp. Dormanen then drove the pickup and horse trailer to Nordahl's home to get Nordahl's horse. Next Dormanen drove the Tripp truck to Florence so that he could get his car and drive it home. Nordahl was to follow Dormanen home in the Tripp vehicle. The collision between Bahm's vehicle and the pickup driven by Nordahl occurred before Nordahl reached Dormanen's home. Dormanen had already driven home in his own car and did not learn of the accident until later. A test of Nordahl's blood indicated that he was intoxicated at the time of the accident.

Prior to bringing this action, plaintiff brought another survival and wrongful death action against Jack Tripp and the Estate of William Nordahl, which was settled out of court.

In the instant case, after the answer was filed and discovery accomplished, defendant moved for summary judgment. After a hearing Judge Brownlee granted the motion which is now before this Court on appeal.

Plaintiff cites three aspects of the case which she contends present genuine issues of material fact making summary judgment improper. However, we need only discuss the aspect of the case relating to the theory upon which the right to recover is based to determine the propriety of summary judgment here.

It is well established that summary judgment pursuant to Rule 56(c), Montana Rules of Civil Procedure, is not a proper tool for resolving disputed issues of fact. The burden of establishing that there is no disputed issue of material fact is on the moving party. Flanagan v. Curran, 164 Mont. 262, 265, 521 P.2d 200 and cases cited therein.

Before the district court and in this Court, plaintiff asserted that defendant has not met his burden because factual determinations were required to resolve defendant's liability under the theory of negligent entrustment. But, after examining the record, we find no facts in existence or offered to the district court which give rise to a genuine issue of material fact concerning negligent entrustment by the defendant.

Specifically the theory of negligent entrustment provides that the owner or one in control of the vehicle and responsible for its use who is negligent in entrusting it to another can be held liable for such negligent entrustment. Anno. 19 ALR3d 1175,1192. See Smith v. Babcock, 157 Mont. 81, 482 P.2d 1014, for a prior treatment of the concept by this Court.

In his memorandum to the district court, defendant cited evidence from depositions which he asserted proved the absence of one of the elements of negligent entrustment---the right of control over the vehicle---because it had been loaned to both Nordahl and defendant. Plaintiff does not dispute this fact that the vehicle was loaned to both men, but insists that defendant did have the physical power (by depriving Nordahl of the keys) to prevent Nordahl from taking the truck. This power plaintiff argues is substantial

enough <u>control</u> to bottom liability under negligent entrustment. Alternatively, plaintiff advances the theory of joint enterprise as a basis for liability, even if Nordahl and defendant only shared control of the vehicle.

Therefore, it is necessary to determine the scope of the concept of control as it relates to negligent entrustment. We look for guidance to cases from the state of Maryland where the theory of negligent entrustment has had a relatively long history.

In adopting negligent entrustment in the case of Rounds v. Phillips, 166 Md. 151, 170 A. 532, the Maryland court cited Restatement of Torts, § 260, as support for the doctrine. That section is now § 390, 2 Restatement of Torts 2d, and its applicability was /reaffirmed in the Maryland cases of General Valet Service, Inc. v. Curley, 16 Md.App. 453, 298 A.2d 190,192, and Curley v. General Valet Service, Inc., 270 Md. 248, 311 A.2d 231,237. 2 Restatement of Torts 2d, § 390 provides:

> "One who <u>supplies directly</u> or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its, use, is subject to liability for physical harm resulting to them." (Emphasis added.)

Discussion following § 390 states it is merely a special application of § 308, which provides:

> "It is negligence to permit a third person to use a thing or to engage in an activity <u>which is under the control of the actor</u>, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others." (Emphasis added.)

Comments to § 308, 2 Restatement of Torts 2d, indicate <u>control</u> means:

> "* * * that the third person is entitled to possess or use the thing or engage in the activity <u>only by the consent of the actor,</u> and that the actor has reason to believe that <u>by withholding consent he can prevent the third person from using the thing or engaging in the activity."</u> (Emphasis added.)

From the above sections and official comments, it is clear that the basis of negligent entrustment is founded on control which is greater than physical power to prevent. A superior if not exclusive legal right to the object is a precondition to the imposition of the legal duty.

Defendant offered to the district court such proof as to establish that he did not have such exclusive or superior control of the Tripp truck. Thus, as a matter of law, he was entitled to summary judgment unless plaintiff could overcome this proof. Plaintiff's physical control arguments are insufficient to overcome defendant's proof in view of the above discussion.

The only other basis for reversing summary judgment, according to plaintiff, is the theory of joint enterprise. Montana case law has determined the elements of joint venture to include a community of pecuniary interest as well as joint control. Rude v. Neal, 165 Mont. 520, 530 P.2d 428, 432, 31 St.Rep. 1033; Kaplan v. Hauf, 158 Mont. 359, 366, 492 P.2d 213; Sumner v. Amacher, 150 Mont. 544, 554, 437 P.2d 630.

Although plaintiff urges this Court to find a community of pecuniary interest in the planned hunting trip we can find no evidence of a pecuniary motivation for the expedition. Rude v. Neal, supra. In addition there was not the requisite joint control between Nordahl and defendant at the time of the accident because Nordahl was driving alone. Hence, we find there was sufficient credible evidence and no material facts to the contrary to permit the district court to grant summary judgment to defendant.

Judgment is affirmed.

Wesley Castles
_____
Justice

We concur:

_____
Chief Justice


_____

Frank I. Haswell

Gene B. Daly
Justices.

- 6 -