**John & Gertrude FLIEGER, Appellants,**

v.

**Mike J. BARCIA, Eva R. Barcia, and Ben Ward d/b/a Auto Brokers, Inc., Appellees.**

**No. 7252.**

Supreme Court of Alaska.

Dec. 16, 1983.

Howard S. Trickey, Jermain, Dunnagan & Owens, and Peggy Alayne Roston, Anchorage, for appellants.

Peter J. Maassen, Burr, Pease & Kurtz, Anchorage, for appellees.

* Buckalew, Superior Court Judge, sitting by assignment made pursuant to Article IV, section 16, of the Constitution of Alaska.

Before BURKE, C.J., RABINOWITZ, MATTHEWS, and COMPTON, JJ., and BUCKALEW, Superior Court Judge.*

BURKE, Chief Justice.

The issue in this appeal is whether the sellers of a vehicle were entitled to summary judgment in a damage action based on negligent entrustment.

On April 25, 1981, Mike and Eva Barcia entered into a consignment agreement with Ben Ward, a licensed car dealer doing business as Auto Brokers, Inc. The consignment agreement provided that Auto Brokers would sell the Barcias' pickup truck. Mike Barcia also signed a power of attorney and other forms, authorizing Ward to pay off a lien in favor of Chrysler Credit Corporation and to execute all necessary documents in connection with the transfer of the Barcias' title.

On July 13, 1981, Ward entered into a written purchase agreement with Timothy Stringer. After Stringer obtained financing, Ward filled out an "Application for Title and Registration," which listed Stringer as the "New Owner." Stringer signed the application on July 15, 1981, and took possession of the truck. Ward then began arrangements with Chrysler Credit to pay off its lien, in order to obtain clear title for the buyer, Stringer.

On July 24, 1981, while driving the truck, Stringer was involved in an accident in which John and Gertrude Flieger were injured.[1]

July 30, 1981, six days after the accident, Chrysler Credit released its lien and delivered the Barcias' certificate of title to Ward. On the back of the certificate, using the power of attorney which Mike Barcia had executed earlier, Ward or one of his employees, DeWitt, endorsed the assignment of title. Ward presented all necessary documents to the Department of Motor Vehicles. On July 30, 1981, the Department

---

1. For purposes of this appeal, we assume that Stringer was driving negligently and that his negligence was a proximate cause of the Fliegers' injuries.

issued a new registration and a certificate of title in favor of Stringer.[2]

■ Seeking damages for the injuries that they suffered in the July 24 accident, the Fliegers brought suit against Stringer, the Barcias, DeWitt, Ward and Auto Brokers, Inc. Their action against the Barcias and Ward was based solely on a theory of negligent entrustment. This theory "provides that *the owner or one in control of the vehicle and responsible for its use who is negligent in entrusting* it to another can be held liable for such negligent entrustment." *Bahm v. Dormanen,* 543 P.2d 379, 168 Mont. 408, 381 (1975) (emphasis in original).

Ward and the Barcias moved for summary judgment on the ground that neither party retained any ownership interest in the truck at the time of the accident. The superior court granted their motion, then entered a partial final judgment pursuant to Civil Rule 54(b).[3] This appeal by the Fliegers followed.[4]

■ As noted above, the Fliegers' complaint against the Barcias and Ward was based solely on allegations of negligent entrustment. Under such a theory, it is unimportant whether the Barcias were still the owners of the truck at the time of the accident. Their liability, if any, is dependent upon their own negligence. *Upland Mutual Insurance, Inc. v. Noel,* 214 Kan. 145, 519 P.2d 737, 742 (1974).

■ The issue that needs to be resolved is whether the Barcias or their agent acted negligently in giving possession of the truck to Stringer.[5] The matter of its ownership on the date of the accident is irrelevant.

2. It is undisputed that Ward d/b/a Auto Brokers, Inc. was at all times acting as the Barcias' agent.

3. Civil Rule 54(b) provides:
When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

4. The Fliegers' argument on appeal is difficult to understand. On the one hand, they appear to argue that the Barcias and Ward are liable because they did not comply with requirements stated in AS 28.10.361:
A transfer by an owner or dealer is not effective until all applicable provisions of this chapter have been complied with. However, an owner or dealer who has delivered possession of a vehicle to the transferee and has endorsed an assignment and warranty of title on the certificate of title and delivered the certificates of title and registration to the transferee or, in the case of a transfer from a dealer, delivered proof of the sale to the transferee, *is not liable as the owner for any liabilities resulting from the driving or movement of the vehicle after the transfer.* (emphasis added).
This suggests a theory of vicarious liability based on ownership alone (i.e. owner liable for negligent operation of vehicle by any person using vehicle with owner's permission, whether or not owner also negligent). However, in their reply brief, the Fliegers disclaim reliance on any such theory, stating: "This is not what the Fliegers have argued ... Liability must still be predicated on common law principles." *See Peterson v. Feldman,* 7 Ariz.App. 75, 436 P.2d 169, 171 (1968) (in the absence of statute, the owner of a motor vehicle is not vicariously liable for the injuries inflicted by the negligence of one driving with his permission). The Fliegers explain this apparent inconsistency as follows: "As a practical matter, ownership becomes important for the purpose of determining whose insurance policy covers the accident. If the transferor is the 'owner,' then the driver may be covered under the omnibus clause of the transferor's insurance policy." The Fliegers, however, did not sue any of the defendants' insurance carriers, and there are no copies of any insurance policies in the record on appeal. Thus, their explanation provides little clarification.

5. Assuming negligence on the part of the Barcias or their agent Ward, it will still be necessary, of course, for the Fliegers to prove proximate cause and their damages.

The judgment of the superior court is REVERSED and the matter REMANDED for further proceedings.[6]

COMPTON, J., concurs.

MOORE, J., not participating.

COMPTON, Justice, concurring.

I concur with the court's remand of this case but I feel the issues to be dealt with on remand have not been adequately identified.

The superior court should first determine whether the sale of the car was completed at the time of the accident. Ownership of the car may not be irrelevant as the court asserts. *Flieger v. Barcia,* 674 P.2d 299, 301 (1983). The application of the doctrine of negligent entrustment to the sale of a car has not clearly been accepted in Alaska. Some jurisdictions have restricted the application to bailment situations, *see Rush v. Smitherman,* 294 S.W.2d 873 (Tex.Civ.App. 1956), while others have extended it to sales. *See Johnson v. Casetta,* 197 Cal. App.2d 272, 17 Cal.Rptr. 81 (1961). I feel this issue should be fully litigated on remand.

The second issue is properly identified as whether the Barcias or their agent acted negligently in this case. *Flieger v. Barcia,* 674 P.2d 299, 301 (1983). Assuming for the moment that negligent entrustment does apply to a sale, it is important to note, however, that when a sale is contemplated negligence may be treated differently than in a bailment situation. I think the level of inquiry for a seller may be less stringent than that for a bailor. The superior court may wish to consider the negligence issue in terms consistent with what a seller can reasonably be expected to know or learn about a buyer.

---

**6.** The Barcias and Ward are free to move for summary judgment on other grounds, including lack of evidence of negligence on their part. Whether this alternative ground for summary judgment actually exists, however, is a question upon which we express no opinion.